IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terry Simmons; Kelly Laney,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>County of El Dorado; Randy Peshon; and Does 1 through 15, inclusive,<br><br>　　　　　Defendants.<br>_____ | 2:11-cv-00468-GEB-KJN<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) ORDER; FED. R. CIV. P. 4(M) NOTICE |

　　　　The February 22, 2011, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on June 13, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. (ECF No. 5, ¶ 6.) The February 22, 2011 Order further required that a status report be filed regardless of whether a joint report could be procured. Id. at 2 n.1. No status report was filed as ordered.

　　　　Therefore, Plaintiffs are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on June 17, 2011, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiffs or their counsel are at fault, and whether a hearing is

1

requested on the OSC.[1]  If a hearing is requested, it will be held on August 29, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that any defendant not served with process within the 120 day period prescribed in that Rule may be dismissed as a defendant in this action unless Plaintiff provides proof of service and/or "shows good cause for the failure" to serve within this prescribed period in a filing due no later than 4:00 p.m. on June 22, 2011.

IT IS SO ORDERED.

Dated:  June 8, 2011

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).